# EXHIBIT C



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**April 22, 2019 14:07**

By: BRYAN ANTHONY REO 0097470

Confirmation Nbr. 1687632

| | |
|---|---|
| JAMES E SHELTON | CV 19 914246 |
| vs. | |
| BLINDBID INC DBA TCPA LITIGATOR LIST ET AL. | **Judge:** JOSEPH D. RUSSO |

**Pages Filed:** 14

STATE OF OHIO
IN THE COURT OF COMMON PLEAS OF CUYAHOGA COUNTY
CIVIL DIVISION

| | |
|---|---|
| **JAMES E. SHELTON**<br>11304 Hessler Road<br>Cleveland, OH 44106<br><br>   Plaintiff,<br><br>  v.<br><br>**BLINDBID Inc d/b/a TCPA LITIGATOR, LIST**<br>405 Cherry Hills Way<br>Colorado Springs, CO 80921<br><br><br>**MICHAEL CONVEY O'HARE**<br>405 Cherry Hills Way<br>Colorado Springs, CO 80921<br><br><br>   Defendants | Case No.<br><br>Hon. |

**REO LAW, LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
  *Attorney for James E. Shelton*

### PLAINTIFF'S COMPLAINT
### (JURY DEMAND ENDORSED HEREON)

NOW COMES James E. Shelton, Plaintiff, by and through the undersigned attorney, and hereby propound upon BlindBid Inc d/b/a TCPA LITIGATOR LIST ("Blindbid") and Michael Convey

O'Hare ("Mr. O'Hare") (collectively "Defendants") and this Honorable Court Plaintiff's Complaint.

## I. INTRODUCTION

1.  Plaintiff sues Defendants for statutory violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") and the Consumer Sales Practices Act, R.C. § 1345.01 et seq. ("CSPA").

## II. PARTIES

2.  Plaintiff is an adult natural person who is currently domiciled in Cuyahoga County, State of Ohio.

3.  Defendant BlindBid Inc is a corporate entity existing by and through the laws of the State of Colorado, which does business in the State of Ohio. Defendant does business as TCPA LITIGATOR LIST, which is headquartered in Colorado with extensive operations in Ohio. Additionally, defendant is a "consumer reporting agency" as defined by U.S.C. 15 § 1681 and provides crediting reporting information on either consumers or debtors, or both. Additionally, Defendant is a "supplier" has defined by R.C § 1345.01(C) and advertises the availability of paid subscription services to its consumer credit reporting services within Ohio.

4.  Defendant MICHAEL CONVEY O'HARE ("Mr. O'Hare") is, upon information and belief, an adult natural person, residing in the state of Colorado who conducts business throughout Ohio as, upon information and belief, he is [in addition to being the registered agent], the sole owner, director, and employee of Defendant Blindbid.

## III. JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 15 U.S.C. § 1681 and R.C. § 2305.01.

6. The subsection of the FCRA referencing jurisdiction reads as follows:

    An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction.

    See 15 U.S.C. § 1681p.

7. This Court has personal jurisdiction over Defendants because Defendants conduct business in the state of Ohio, and Defendants provides credit reporting information on an Ohio resident with knowledge that Plaintiff is located in Ohio with the purpose of injuring Plaintiff when Defendants might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

8. Venue is proper with this Court because Plaintiff resides in Cuyahoga County, State of Ohio, and the Court's personal jurisdiction over Defendants exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

9. Defendants conduct business as "TCPA LITIGATOR LIST."

10. Defendants openly state that the purpose of the TCPA LITIGATOR LIST is to help telemarketers avoid calling consumers whose numbers are listed on the National list as individuals known to have filed litigation pursuant to consumer protection statutes such as, but not limited to, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

11. The Telephone Consumer Protection Act provides consumers a private right of action for certain telecommunications calls initiated or placed in violation of the statute or the rules and regulations promulgated thereunder by the Federal Communications Commission ("FCC") pursuant to their rule-making authority, such as delivering recorded messages to cellular phones advertising the availability of goods/services or attempting to collect on debts, without prior

express written consent of the recipient of the call. Defendants' website is www.tcpalitigatorlist.com.

12. The TCPA Litigator List is a subscription service that is provided to third-party businesses.

13. Defendants' TCPA Litigator List service costs $1,500 as an initial fee plus $199 per month.[1]

14. According to Defendants' website, [Defendant] "has identified over the past 2 years over 1 million of the top TCPA offending telephone numbers. The list will significantly lower your company's risk to TCPA claims".

15. The TCPA Litigator List is promoted on Defendant's website as follows:

Call with confidence and avoid lawsuits with the most comprehensive TCPA Litigator Firewall.
Download the complete list of phone numbers used in TCPA cases.
Receive TCPA phone number updates and monitoring.
Serial TCPA Litigator name search
Online phone list scrubbing.
Enhanced Compliance.

16. Upon information and belief, the TCPA Litigator List is an Excel spreadsheet database of consumer information.

17. Plaintiff is informed and avers that this database includes consumers' telephone numbers, telephone number type (wireless, mobile, landline, etc.), as well as the individuals associated with these telephone numbers.

18. Defendants meet the definition of "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681(f), in that they are engaged in the regular business practice of assembling information on consumers such as their names, telephone numbers, litigation history, general

---

[1] See https://tcpalitigatorlist.com/, under "Prices", archived at http://archive.is/DvEh6

4

reputation, and characteristics as litigants under the TCPA, and selling this information to third parties for monetary fees.

19. Defendants' "TCPA Litigator Lists" are consumer reports, as that term is defined under 15 U.S.C. § 1681(d)(1), in that Defendants market and sell written reports and/or other data bearing on a consumer's character, general reputation, and personal characteristics, among other things.

20. Plaintiff avers that Defendants' consumer reports describe if an individual is a "serial" or "professional" litigant, versus a relatively "new" litigant who has only recently begun filing claims under the TCPA.

21. Defendants' consumer reports include the general reputation of these consumer litigants, and specifically describe how aggressive and/or experienced these specific TCPA litigants are.

22. The consumer reports also include the number of telephone numbers that Defendants believe a consumer uses or owns, as well as those specific phone numbers and the type of phone.

23. Defendants claim on their website that "*many attorneys and individuals have abused the regulations to make TCPA litigation a big business. They induce businesses to make multiple phone calls, then sue them for those calls.*" See www.tcpalitigatorlist.com.

24. If an individual consumer's name appears on the TCPA Litigator List, their personal characteristics, reputation, and character are already portrayed in a negative light and derogatory fashion to anyone who obtains the List.

**Defendant has the Plaintiff's Information in its TCPA Litigator List Database and Actively Reports on Plaintiff's Personal Characteristics and Reputation as a TCPA Litigant**

25. It is believed, and therefore averred, that Plaintiff's phone number is included in Defendants' list of TCPA litigators.

5

26.     Plaintiff's personal information is actively sent to Defendants' customers on a regular basis.

27.     On November 13, 2018, Defendant made a post on Twitter[2] which read "TCPA Litigator James Shelton Phone Numbers" and included a link to an e-mail sent to Defendant's customers that reads as follows[3]:

James Shelton out of Pennsylvania is one of the most aggressive TCPA litigators. He has even frozen bank accounts. Do not call him.

Our company tracks these litigators. We compile all their numbers associated with them. We monitor them for updates in case they register a new numbers [sic]. This is all included in our TCPA litigator service.

Please put these numbers on your Do Not Call List

6102650724
4846263942
3028846909
4846745485
7167410205

*Get the List*

Michael O'Hare
TCPA Litigator List
323-691-5851

28.     It should be noted that, with the exception of 484-626-3942, the aforementioned numbers are not owned or used by Plaintiff. One number is Plaintiff's family's discontinued landline, one is used by Plaintiff's brother, one of Plaintiff's father's old work number, and one number Plaintiff does not recognize.

## Plaintiff's Letter Request to Defendants

29.     On February 4, 2019, Plaintiff sent a letter to Defendants by certified mail.

---

[2] https://twitter.com/BlindbidService/status/1062511479767949312
[3] https://mailchi.mp/tcpalitigatorlist.com/why-are-you-missing-out-890569

6

30. In the aforementioned letter, Plaintiff requested to receive a free annual disclosure of his consumer report from Blindbid.

31. On February 9, 2019, Defendants refused to sign for the certified letter.

32. On February 9, 2019, Plaintiff spoke to Mr. O'Hare via telephone, and discussed the contents of the certified letter with Mr. O'Hare.

33. During that telephone conversation, Mr. O'Hare made it clear that Defendants would not comply with Plaintiff's demands to receive a free copy of his consumer report as well as several disclosures Plaintiff requested in his letter.

34. On or about February 19, 2019, Plaintiff sent another letter to Defendants, this time via U.S. Priority Mail with tracking as well as a Certificate of Mailing. A copy of this letter is attached as Exhibit A.

35. Defendants received said letter.

### Defendants' Refusal to Send Plaintiff a Copy of His Consumer Report

36. On or about March 11, 2018, Plaintiff received a letter from Richard J. Harris, Esquire, a Colorado attorney representing Defendants Blindbid, Inc. and Michael O'Hare.

37. Defendants' attorney stated in his letter reply to the Plaintiff that "Blindbid, Inc. is not a consumer reporting agency" and stated that Plaintiff's "request [to receive a copy of his consumer report] is misplaced".

38. Defendants knew, or should have known, that their failure to provide Plaintiff a free copy of his consumer report violated the FCRA. Additionally, Defendants could have taken the steps necessary to bring their actions into compliance of these statutes, but neglected to do so and failed to adequately review those inactions to ensure compliance with said laws.

7

39. At all times material hereto, the conduct of Defendants as well as their agents, servants, and/or employees, was malicious, intentional, wanton, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

40. As a direct result of Defendants' willful failure and/or refusal to comply with Plaintiff's demand letter asking to receive a copy of his consumer report, Plaintiff has been statutorily damaged.

**Defendants' Failure and/or Refusal to Provide Disclosures Pursuant to 15 U.S.C § 1681g of the Information on File, Sources, and the Identities of the Recipients of Plaintiff's Consumer Report**

41. Plaintiff requested that Defendant provide various required disclosures under 15 U.S.C § 1681g(2).

42. Specifically, the Plaintiff wrote to Defendants on or about February 19, 2019 and demanded to receive disclosures of the source(s) of any information Defendants have on file for him, including how Defendants procured the telephone number(s) Defendants purportedly believe are associated with Plaintiff.

43. Defendants failed and/or refused to provide this information to the Plaintiff.

44. Plaintiff requested that Defendant provide various required disclosures pursuant to 15 U.S.C § 1681g(3)(A).

45. Specifically, the Plaintiff wrote to Defendants on or about February 19, 2019 and demanded that Defendants identify each person or company that has procured Plaintiff's consumer report from Blindbid.

46. Despite being legally required to provide this information to the Plaintiff under the FCRA, Defendants failed and/or refused to do so.

47. Defendants were required to provide this information to Plaintiff free of charge pursuant to 15 U.S.C. § 1681(j)(a)(1)(A), but Defendants failed and/or refused to do so.

Electronically Filed 04/22/2019 14:07 / / CV 19 914246 / Confirmation Nbr. 1687632 / CLSK1

48.     Defendants knew, or should have known, that their failure to provide these disclosures violated the FCRA, as Plaintiff cited the correct statutory language in his letter to Defendants on or about February 19, 2019. Additionally, Defendants could have taken the steps necessary to bring their actions into compliance of these statutes, but neglected to do so and failed to adequately review those inactions to ensure compliance with said laws.

49.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the statutory injuries to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

50.     Defendant violated the CSPA by committing an act or practice declared to be deceptive by rules promulgated by the attorney general, namely, by refusing to comply with a federal statute, the FCRA.

## COUNT I – BLINDBID, INC.
## VIOLATIONS OF THE FCRA

51.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52.     At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

53.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

54.     At all times pertinent hereto, the above-mentioned, regularly-distributed "TCPA Litigator Lists" disseminated to third parties containing Plaintiff's personal information were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

9

55. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the regulations imposed on a consumer reporting agency of information pursuant to 15 U.S.C § 1681g(2)(a), 15 U.S.C § 1681g(3)(A), 15 U.S.C § 1681g(B), and 15 U.S.C. § 1681(j)(a)(1)(A).

56. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the statutory injuries to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

57. As a result of Defendants' conduct, Plaintiff has suffered actual damages, including, but not limited to: injury to Plaintiff's reputation, invasion of privacy, and frustration, and will continue to suffer same for an indefinite time in the future, all to his detriment and loss.

### COUNT II- MICHAEL CONVEY O'HARE
### VIOLATIONS OF THE FCRA

58. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

59. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

60. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

61. At all times pertinent hereto, Defendant Mr. O'Hare was the sole individual officer and primary Owner of Blindbid.

10

62.     Defendant Mr. O'Hare was solely responsible for making the decision to refuse to provide Plaintiff a copy of his consumer report as well as various required FCRA disclosures that Plaintiff demanded to receive in writing.

63.     Defendant Mr. O'Hare personally assembled the "TCPA Litigator List" himself and personally added Mr. Shelton's personal information and telephone number to said list.

64.     Defendant Mr. O'Hare was personally responsible for selling and disseminating the List to his customers.

65.     Defendant Mr. O'Hare was personally responsible for sending out an e-mail to his customers on November 13, 2018, knowing that said e-mail contained information in Plaintiff's consumer report maintained by Defendants such as Mr. Shelton's status as "one of the most aggressive litigators" and the fact that Mr. Shelton "has even frozen bank accounts. Do not call him".

66.     Defendant Mr. O'Hare was personally responsible for ensuring Blindbid's FCRA compliance, but negligently and/or willfully refused to ensure compliance, despite receiving a demand letter outlining the FCRA's statutory mandates from the Plaintiff.

67.     Defendant Mr. O'Hare personally spoke to the Plaintiff on February 9, 2019 on his personal cell phone and told Mr. Shelton that he would not comply with the demands contained in Plaintiff's letter.

68.     Defendant Mr. O'Hare was personally responsible for instructing his attorney to send a reply letter to Mr. Shelton to obstruct and/or refuse to provide Mr. Shelton a copy of his consumer report.

11

69.     Defendant Mr. O'Hare's "TCPA Litigator Lists" disseminated to third parties containing Plaintiff's personal information were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

70.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the regulations imposed on a consumer reporting agency of information pursuant to 15 U.S.C § 1681g(2)(a), 15 U.S.C § 1681g(3)(A), 15 U.S.C § 1681g(B), and 15 U.S.C. § 1681(j)(a)(1)(A).

71.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the statutory injuries to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT III
## STATUTORY VIOLATIONS OF THE CSPA – ALL DEFENDANTS

72.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

73.     Defendants are both a "person" as defined by R.C. § 1345.01(B).

74.     Defendants are both a "supplier" as defined by R.C. § 1345.01(C).

75.     Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

76.     A "consumer transaction" as defined by R.C. § 1345.01(A) occurred when Defendants violated the FCRA. Ohio R.C. § 1345.02(A) states, "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

77. Defendants committed unfair and deceptive acts in connection with a consumer transaction when Defendants violated R.C. § 1345.02 by knowingly failing to comply with the FCRA. A violation of the FCRA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA.

78. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the CSPA. R.C. § 1345.09(B).

79. Since Defendants knowingly committed an act or practice that violates the CSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F).

80. Defendants violated the CSPA at least (1) time by violating the FCRA and rules and regulations promulgated thereunder.

## **PRAYER FOR RELIEF**

81. Enter judgment against Defendant in Plaintiff's favor in an amount of money not to exceed twenty thousand dollars ($20,000.00) for general damages, statutory damages, treble damages, and the award of mandatory court costs (as provided by the CSPA), not inclusive of reasonable attorney's fees to be determined. Plaintiff will seek an award of reasonable attorney's fees pursuant to R.C. § 1345.09(F) and the FCRA.

82. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO
Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811

            (Mobile): (440) 313-5893
            (E): Reo@ReoLaw.org
            *Attorney for James Shelton*

## JURY DEMAND ENDORSED HEREON

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

14