IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JAMES EVERETT SHELTON** | Case No. 1:19-cv-01205-CAB |
| Plaintiff, | Honorable Christopher A. Boyko |
| v. | |
| **BLINDBID INC., dba TCPA LITIGATOR LIST. et al.,** | |
| Defendant. | |

**REO LAW, LLC**
By: Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for James Everett Shelton*

## PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS

Plaintiff, by and through the undersigned attorney, hereby makes this motion on the basis that the defendant has engaged in sanctionable conduct by invoking Federal Subject Matter Jurisdiction to remove the instant action from Cuyahoga County Court of Common Pleas and then immediately thereafter has proceeded to disavow Federal Subject Matter Jurisdiction when filing a motion pursuant to F.R.C.P. 12(b)(1) asking for this case to be adjudicated on the merits and dismissed with prejudice when the remedy for a federal court that lacks subject matter jurisdiction is either a remand or a dismissal without prejudice.

Because Defendant has engaged in sanctionable conduct through a frivolous delay tactic and has caused Plaintiff to incur attorney's fees, the Court should make as a threshold matter decide

whether Subject Matter Jurisdiction exists and if it does exist then Defendant should be sanctioned for wasting time, and if it does not exist then the instant action should be remanded and Defendant should be sanctioned for wasting time.

A supporting brief accompanies this motion.

                                      RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO
**REO LAW LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Plaintiff James Everett Shelton*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **JAMES EVERETT SHELTON** <br><br> Plaintiff, <br> v. <br> **BLINDBID INC., dba TCPA LITIGATOR LIST. et al.,** <br><br><br> Defendant. | Case No. 1:19-cv-01205-CAB <br><br> Honorable Christopher A. Boyko |

**REO LAW, LLC**
By: Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for James Everett Shelton*

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS

Ignoring the misstatement of law from Stoops [Stoops did not result in a ruling that a "professional plaintiff" [however defined] lacks standing to proceed in an action, Stoops resulted in a ruling that an individual who had approximately 6 dozen cellular phones for the stated purpose of maximizing calls had invited all of the harm in question and thus had no injury because Stoops had undertaken a course of action to cause calls to be made], Plaintiff elects to focus only that which is relevant.

**The relevant facts are as follows.**

3

1- This action was initiated in Cuyahoga County Court of Common Pleas on 4/22/2019.

2- Defendants were served on 4/25/2019.

3- Defendants filed an untimely notice of removal on 5/28/2019, 33 days after the date upon which they were served. Nothing in the rules for computation of time provides that the set in stone 30 day period to file a notice of removal is extended if the final day falls on a weekend or a court holiday.

4- On their notice of removal, Defendant affirmatively invoked the Subject Matter Jurisdiction of this Court.

5- On their recently filed Motion to Dismiss pursuant to F.R.C.P 12(b)(1), (b)(2), and (b)(6), the Defendants have now disavowed and disclaimed all Federal Subject Matter Jurisdiction. This is talking out of both sides of the mouth and it is actually sanctionable conduct given the prevailing precedent for how other courts are treating defendants for engaging in stonewalling and delay/stall tactics of trying to manipulate proceedings by invoking federal Subject Matter Jurisdiction on the removal and then immediately disavowing it on a Motion to Dismiss for lack of Subject Matter Jurisdiction and requesting an adjudication on the merits via a dismissal with prejudice.

**Subject Matter Jurisdiction Does Not Exist Without Article III Standing.**

Article III Standing is a crucial component of subject matter jurisdiction, and in the absence of Article III Standing there is no subject matter jurisdiction

When a US District Court discovers that it lacks subject matter jurisdiction there are generally only two options available.

4

1) If the case was initiated in state court and was removed to the District Court by the defendant then the remedy is to remand the case back to state court.

2) If the case was initiated in District Court by the plaintiff then the remedy is a dismissal without prejudice.

A dismissal with prejudice is never an appropriate remedy where the court determines that it lacks subject matter jurisdiction because a dismissal with prejudice operates as an adjudication on the merits and a court that lacks subject matter jurisdiction arguably lacks the authority to adjudicate to dispose of a matter on the merits.

Plaintiff respectfully calls this Court's attention to two cases that are strikingly similar to the situation in the instant action.

*May v. Consumer Adjustment Co.*, 2017 U.S. Dist. LEXIS 7401 (E.D. Mo. Jan. 19, 2017) and – *Mocek v. AllSaints USA Limited*, No. 1:2016-cv-08484 - Document 31 (N.D. Ill. 2016)

Allsaints removed the case to federal court asserting federal question jurisdiction. After removal, however, Allsaints moved to have the case dismissed with prejudice on the grounds that plaintiff lacked Article III standing per a Spokeo style motion to dismiss. See *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546 (2016).

In response, Ms. Mocek moved to remand the case back to state court, contending that the Allsaints' argument in favor of dismissal was an "affirmative disavowal of jurisdiction."

The court remanded the action to state court, sanctioning Allsaints $58,000 and taking them to task for trying "to have it both ways by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal, with prejudice, rather than [remand]."

In *May* the court found a lack of subject matter jurisdiction based on the lack of Article III standing which is a crucial component for a United States District Court to exercise subject matter jurisdiction, and the court dismissed the action, but the dismissal was without prejudice, because a court that lacks subject matter jurisdiction cannot adjudicate the case on the merits because any judgment issued would be void for lack of subject matter jurisdiction.

The present situation with Plaintiff Shelton is strikingly similar to the facts in both *May* and *Mocek* in that a defendant has invoked federal Subject Matter Jurisdiction via the issue of a federal question, for the purpose of the notice of removal, and then proceeded to immediately disavow federal Subject Matter Jurisdiction in a motion to dismiss based on an alleged lack of Subject Matter Jurisdiction which only three days previously the Defendant was invoking and affirming and now wishes to wash its hands of and disavow.

The burden of proof to remove a case always belongs to the removing party, who must establish both that the case falls into a category for which removal is authorized and that all procedural requirements have been met. *Cleveland Hous Renewal Project v. Deutsche Bank Trust Co*, 621 F.3d 554, 559 (6th Cir. 2010); *Warthman v. Genoa Twp Bd of Trs*, 549 F.3d 1055, 1061 (6th Cir. 2008).  In the instant case, Defendant removed the instant case to federal court and thus it

is Defendant who bears the burden of demonstrating that the Court enjoys subject matter jurisdiction. However, the Defendant has proceeded to disavow subject matter jurisdiction immediately after the removal.

Regardless of the decision this Court makes regarding the presence, or absence of Article III standing, the Defendant should be sanctioned for its duplicitous conduct and what was likely [in light of the importance and preeminence of the case to Defendant's motion] a willful misstatement of the holding and rationale in Stoops in an attempt to cloud the facts and confuse the issues. Mr. Shelton has precisely one cellular telephone, not the six dozen that Stoops had. Shelton is no Stoops.

Prior to the filing of this motion Plaintiff's Counsel sent a Rule 11 Sanctions letter to Defense Counsel via email and advised as to the problems and deficiencies with Defendant's motion to dismiss. This was done on 6/3/2019. Plaintiff's Counsel and Defense Counsel had a phone conversation on the matter and Defense Counsel stated that Defendant would amend the motion to dismiss, but this brief opposing the motion to dismiss is due on or by 6/30/2019 and the amendment has not happened as of the time of the filing of this brief.

The Motion to Dismiss should be denied and the instant action should be remanded to Cuyahoga County Court of Common Pleas, and Defendant should be sanctioned an amount consistent with the work expended by Plaintiff in opposing the Motion to Dismiss and obtaining the remand of this case, which is to date 4 hours and 15 minutes at $300 per hour for a total of $1,275.00 [one thousand two hundred and seventy-five] dollars.

/s/ BRYAN ANTHONY REO_____
**REO LAW LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Plaintiff James Shelton*

## Certificate of Service

I, Bryan Anthony Reo, do hereby certify and affirm that a true and accurate copy of the foregoing document was submitted to the Court's Electronic Filing System on June 29, 2019, which should serve said document upon all attorneys of record for the instant civil action:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JAMES EVERETT SHELTON** <br><br> Plaintiff, <br> v. <br> **BLINDBID INC., dba TCPA LITIGATOR LIST. et al.,** <br><br><br> Defendant. | Case No. 1:19-cv-01205-CAB <br><br> Honorable Christopher A. Boyko |

**REO LAW, LLC**
By:  Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for James Everett Shelton*

## PROPOSED ORDER GRANTING
## PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS

    THIS MATTER came to be considered by the Court pursuant to the Plaintiff's Motion to To Remand and For Sanctions filed by Plaintiff in the above-captioned cause. The Court having considered the Motion and being fully advised of the premises, it is, therefore,

ORDERED and ADJUDGED:

1. That Plaintiff's Motion to Remand and For Sanctions is hereby granted.
2. The Defendant is hereby sanctioned in the amount of _____.
3. The instant action is hereby ordered remanded to Cuyahoga County Court of Common Pleas, in Cuyahoga County, Ohio.

DONE AND ORDERED in Chambers at Cleveland, Ohio this \_\_\_\_ day of _____, 2019.

_____

CHRISTOPHER BOYKO, JUDGE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO

Copies to:

Bryan Anthony Reo

Benjamin D. Carnahan