**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAMES E. SHELTON, ) | |
| ) | Judge Christopher A. Boyko |
| Plaintiff, ) | |
| ) | Case No. 1:19-cv-01205 |
| vs. ) | |
| ) | **DEFENDANTS' BRIEF IN** |
| BLINDBID INC., dba TCPA LITIGATOR ) | **OPPOSITION TO MOTION TO** |
| LIST, et al. ) | **REMAND AND FOR SANCTIONS** |
| ) | |
| Defendants. ) | |

Plaintiff's motion to remand and for sanctions has hit on the fundamental issue in this case; Plaintiff does not have standing to bring a case under the Fair Credit Reporting Act because he has not actually been harmed. This is true under either the federal constitution or the Ohio constitution analysis for standing, and bars his action in either federal or state court. Indeed, Plaintiff concedes this issue in failing to argue standing whatsoever, or indeed any of the substantive arguments to Defendants' motion to dismiss. Ohio courts have stated that bare procedural violations of the Fair Credit Reporting Act filed in state court, in the absence of any injury in fact, mandate the dismissal of this complaint under either state or federal jurisdiction. *Smith v. Ohio State Univ.*, 2017-Ohio-8836, ¶ 15.

Plaintiff's claims must be dismissed for lack of standing under *either* federal or state analyses, and indeed may be dismissed on substantive grounds without deciding standing. Defendants' motion to dismiss for lack of jurisdiction is far from sanctionable. Indeed, given the holding in *Smith*, Plaintiff's lack of standing is dispositive of this case entirely.

Alternatively, it is undisputed that there is a complete diversity of citizenship in this case, which, by itself, serves an alternative basis to retain jurisdiction.

This Court should therefore deny Plaintiff's motion to remand and for sanctions and should instead dismiss the Complaint in its entirety with prejudice.

### THIS COURT MAY RESOLVE THE CASE ON THE UNOPPOSED MOTION TO DISMISS ON THE MERITS, MOOTING THE ISSUE OF JURISDICTION OR SANCTIONS

As an initial matter, Plaintiff has not actually *opposed* Defendants' motion to dismiss on any of its several bases, including a motion to dismiss for lack of personal jurisdiction or failure to state a claim for which relief may be granted. A federal court is not required to "consider subject matter jurisdiction over all other threshold matters." *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 821 (7th Cir. 2016). To the contrary, "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007), citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).

Indeed, federal courts have held that a case may be decided on Fed. R. Civ. Pro. 12(b)(6) grounds without first deciding whether there is subject matter jurisdiction. *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 823 (7th Cir. 2016) ("[O]ur decision to decide the question of sovereign immunity rather than remand for a determination of standing under *Spokeo* is not meant to declare that the question of sovereign immunity is a jurisdictional one.").

In *Meyers*, a putative class action claim was brought against the Oneida Tribe on behalf of a class of credit and debit card holders under the Fair Credit Reporting Act ("FCRA"). The tribe moved to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1), raising the defense of sovereign immunity. The district court, noting that sovereign immunity is not a jurisdictional defense, treated the motion as one brought as a motion to dismiss for failure to state a claim for which relief can be granted under Fed R. Civ. Pro. 12(b)(6), observing that, when appropriate, a court may treat a motion filed under Fed.

2

R. Civ. Pro. 12(b)(1) as if it were a rule 12(b)(6) motion. *Peckmann v. Thompson*, 966 F.2d 295, 297 (7th Cir. 1992). The court then granted this motion without conducting an analysis of standing under *Spokeo*, which was upheld on appeal.

Likewise, in the instant case, there is pending before the Court an unopposed motion to dismiss on the basis of rules 12(b)(1), 12(b)(2), and 12(b)(6). Plaintiff has not filed a brief in response on any of these bases, instead moving to remand (conceding that there is no standing) and for sanctions for allegedly frivolous conduct. The Court may, therefore, at its discretion, enter judgment on the unopposed motions on the basis of either 12(b)(2) or 12(b)(6) without deciding subject matter jurisdiction. Far from resulting in a "delay" or "stonewalling" tactic, as alleged by Plaintiff, this would actually be the most judicially efficient route, and result in a just adjudication of the case.

### THE MOTION TO DISMISS FOR LACK OF STANDING IS NOT SANCTIONABLE BECAUSE PLAINTIFF HAS NO STANDING IN EITHER FEDERAL OR STATE COURT

The single case cited by Plaintiff that granted sanctions for seeking remand and then dismissal on subject matter grounds is distinguishable because while Illinois has no requirement for an actual injury to state a claim under the FCRA, *Ohio does*. As a result, while certainly Plaintiff could proceed in other jurisdictions for bare procedural violations of the FCRA, he cannot do so in Ohio. The issue of lack of Article III standing therefore disposes of the issue in its entirety.

Plaintiff asserts that under the precedent of *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910 (N.D. Ill. 2016), this court should not only remand the case at bar but also sanction Defendants for seeking removal in the first place. In *Mocek*, a putative class action alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), an amendment to the FCRA. Defendant removed the case under 28 U.S.C. § 1441, asserting federal subject matter and diversity jurisdiction. One month later, without alleging any change in circumstances bearing on jurisdiction, the Defendant moved to dismiss the case for lack of federal jurisdiction. Specifically, Defendant

3

asserted that Plaintiff lacked standing pursuant to *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016), without which there is no justiciable case or controversy—a prerequisite to exercise of jurisdiction under Article III of the Constitution.

The court in *Mocek* accused Defendant of trying to have it both ways by asserting, and then disavowing, federal jurisdiction. Under Illinois law, this holding has merit. Illinois courts generally are not as restrictive as federal courts in recognizing the standing of a plaintiff to bring a claim. *People v. $1,124,905 U.S. Currency & One 1988 Chevrolet Astro Van*, 177 Ill. 2d 314, 329 (1997). Although federal law and Illinois law both require an "injury in fact" to find standing, it "does not necessarily mean that both forums define that requirement in the same way." *Soto v. Great America LLC*, No. 17-cv-6902, 2018 WL 2364916 at *5. (N.D. Ill. May 24, 2018). Under Illinois law, when a plaintiff alleges a statutory violation, no "additional requirements" are needed for standing. *Glisson v. City of Marion,* 188 Ill. 2d 211, 222 (1999).

The situation is different in Ohio for violations of the FCRA. *Smith v. Ohio State Univ.*, 2017-Ohio-8836, ¶ 15. Under Ohio law, bare procedural violations of the FCRA, which are all that are alleged in the instant complaint, are insufficient to confer standing. *Id.* Though Ohio courts have, in some circumstances, found standing despite no allegation of concrete injury, there are no cases in which an Ohio court has analyzed and found standing to exist on the basis of a federal statute despite the absence of an alleged injury-in-fact. As stated by the court in *Smith,* ¶ 14:

> "[t]o find statutory standing here under the standard expressed in *ProgressOhio.org, Inc*., we would need to find that Congress intended to abrogate the Ohio common-law requirements to establish standing. However, there is no indication that Congress intended the pertinent FCRA statute to supplant the traditional requirements of standing in Ohio state court. Further, such a finding would be improper as it would permit Congress to affect the parameters of standing in Ohio courts, even though it is well-settled that Ohio law determines standing in Ohio courts. Expanding Ohio's statutory standing doctrine based on Congressional action would be particularly problematic considering

4

> determinations regarding the outer limits of standing implicate issues regarding the constitutional authority of Ohio's judiciary and the separation of power between the branches of government. Lastly, permitting Congress to abrogate Ohio common-law standing principles, even though Congress cannot abrogate essentially the same principles in federal courts, would constitute a significant anomaly."

As a result, an argument as to a lack of Article III standing for violations of the FCRA is, *per se*, an argument for lack of standing under Ohio law. Far from a duplicitous argument, as was stated in *Mocek*, Defendants' argument as to a failure of Article III standing applies not only to the Federal Court, but also to Ohio State Court.

Defendants are not engaging in "duplicitous" conduct, by arguing that there is no Article III standing. They are instead, rightly, bringing to this court's attention that there is no standing in this case *at all*. Not within federal court, and not within state court. Plaintiff has not disputed the lack of standing. Put simply, because Plaintiff has not properly alleged any actual concrete harm, he is barred from bringing any claim under the FCRA in Ohio. Pointing this out, as Defendants have properly done, is not sanctionable.

### **DISMISSAL WITH PREJUDICE IS APPROPRIATE IN THE ABSENCE OF FEDERAL JURISIDICTION WHEN THERE IS A FRIVOLOUS CLAIM**

Even if the court were to determine that removal was inappropriate because of questions of Article III standing, it may still dismiss the Complaint with prejudice because it is facially frivolous.[1] If the reason for a lack of federal jurisdiction is the Plaintiff's having predicated jurisdiction on a frivolous federal claim, dismissal with prejudice is appropriate for such a suit will go nowhere in any court. *El v. AmeriCredit Financial Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013), citing *Beauchamp*

---

[1] Defendants will be filing a forthcoming motion for fees as a result of this facially frivolous claim.

5

*v. Sullivan*, 21 F.3d 789, 790-91 (7th Cir.1994).  As this is a frivolous claim, the Court may dismiss it for lack of jurisdiction.

Of note, Plaintiff has not responded, at all, to the arguments proffered under Civ. R. 12(b)(6) regarding a claim under 15 USC § 1681g.  As argued in Defendants' motion to dismiss, there is no allegation to an extension of "credit", Defendants' TCPA Litigator List is not a "consumer report", and Defendants are not a "consumer reporting agency."  It is obvious that the case is so frivolous that the Court would be permitted, under the *El* standard, to dismiss the case with prejudice for lack of subject matter jurisdiction.

Because Plaintiff's claim is frivolous, facially so, this Court is justified in dismissing it with prejudice.

### SANCTIONS SHOULD BE MADE AGAINST DEFENDANTS' PRIOR COUNSEL, NOT DEFENDANT, IN THE EVENT THAT SANCTIONS OR FEES ARE AWARDED

In an abundance of caution, though undersigned does not believe sanctions are warranted, any sanctions that are issued by this Court should be against prior counsel, Benjamin D. Carnahan, and not Defendants.  The purpose of granting fees and costs for allegedly frivolous arguments is to deter arguments made in bad faith and to promote the interests of justice and judicial efficiency.  Defendants are not attorneys.  They are not legal scholars.  They had, prior to the arguments proffered by their former counsel, no understanding or opinion on whether asserting a defense based on lack of standing would affect subject matter jurisdiction.  If there are any individuals who would be sanctioned by this Court, though Defendants believe sanctions to be unwarranted, it is Defendants' former counsel.

### CONCLUSION

Plaintiff's motion to remand and for sanctions misses the mark.  This Court may, within its discretion, dismiss the case in its entirety under Fed. R. Civ. Pro. 12(b)(2) and 12(b)(6) without first determining whether there is Article III standing, and so dismissal is proper.  To the extent that remand

6

is proper, the argument for dismissal is not sanctionable because the *identical* argument may be made on the state level to dismiss of this case in its entirety.

It is also worth noting that the Court may dismiss the claim as frivolous and assert a lack of subject matter jurisdiction on that basis. Indeed, Plaintiff's fundamental failure to respond in any capacity to the arguments made under 12(b)(2) and 12(b)(6) belies the frivolous nature of these complaints. Defendants are not a consumer reporting agency, no matter how much Plaintiffs would wish them to be.

Finally, should this Court determine sanctions are warranted, the Court should not sanction non-attorney Defendants who are only superficially involved in the arguments or procedure of the case for the actions of their prior counsel. If the Court were to issue sanctions, they should properly be issued to prior counsel only, and not against Defendants who had no hand in proffering arguments before this Court.

Respectfully submitted,

*/s/ Nicholas P. Weiss*
Mark M. Turner (0075516)
Nicholas P. Weiss (0090799)
Maximilian A. Julian (0093728)
THE GERTSBURG LAW FIRM CO., LPA
100 N. Main Street, Suite 300
Chagrin Falls, Ohio 44022
(440) 571-7777 (p) / (440) 571-7779 (f)
mt@gertsburglaw.com
nweiss@gertsburglaw.com
mj@gertsburglaw.com
*Attorneys for Defendants Michael O'Hare and Blindbid Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Defendants' Brief in Opposition to Motion to Remand and For Sanctions* was electronically filed this 22nd day of July 2019.  Notice of this filing will be sent to all parties by operation of this Court's electronic filing system.  Parties may access this filing through the Court's system.

>*/s/ Nicholas P. Weiss*
>Nicholas P. Weiss (0090799)
>*Attorney for Defendants Michael O'Hare and Blindbid Inc.*