## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JAMES EVERETT SHELTON** | Case No. 1:19-cv-01205-CAB |
| Plaintiff, | Honorable Christopher A. Boyko |
| v. | |
| **BLINDBID INC., dba TCPA LITIGATOR LIST. et al.,** | |
| Defendant. | |

**REO LAW, LLC**
By:  Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for James Everett Shelton*

## PLAINTIFF'S MOTION FOR LEAVE TO FILE BRIEF OPPOSING MOTION TO DISMISS INSTANTER

Plaintiff, by and through the undersigned attorney, hereby propounds upon Defendants and this Honorable Court, Plaintiff's Motion for Leave to File Brief Opposing Motion to Dismiss Instanter. Plaintiff, for the sake of judicial economy, withheld briefing the issue of the motion to dismiss in anticipation that,

1) the case was about to settle [which it appeared likely it was going to, the parties had agreed to the amount, $5,000 but the specific terms beyond that could not be agreed to because Defendants insisted upon a one-way $50,000 liquidated damages provision applicable only against Plaintiff- Defendants then delayed on further settlement negotiations and then finally torpedoed them by breaking off contact with Plaintiff and changing counsel],

2) that this court lacks subject matter jurisdiction to adjudicate the claims on their merits and this matter would be remanded to Cuyahoga County Court of Common Pleas, and

3) the Court would convert the FRCP 12(b)(6) into an FRCP 56 motion due to the inclusion of external exhibits and attachments to Defendants' 12(b)(6).

In any event, Plaintiff believes it is now prudent to brief the issues raised in the Motion to Dismiss and therefore respectfully requests the Court accept this Brief instanter.

The Plaintiff has thus far never requested any extension of time, granted an extension of time to the Defendants, and has spent the last 6 weeks in extensive negotiations which ultimately did not pan out because Defendants torpedoed the negotiations by demanding unacceptable additions to the basic terms.

A brief and a proposed order accompanies this motion.

RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO_____
**REO LAW LLC**
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for Plaintiff James Everett Shelton*

# Certificate of Service

I, Bryan Anthony Reo, do hereby certify and affirm that a true and accurate copy of the foregoing document was submitted to the Court's Electronic Filing System on July 24, 2019, which should serve said document upon all attorneys of record for the instant civil action:

/s/ BRYAN ANTHONY REO_____
**REO LAW LLC**
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for Plaintiff James Shelton*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **JAMES EVERETT SHELTON** | Case No. 1:19-cv-01205-CAB |
| | |
| | Honorable Christopher A. Boyko |
| Plaintiff, | |
| v. | |
| **BLINDBID INC., dba TCPA LITIGATOR LIST. et al.,** | |
| | |
| | |
| Defendant. | |

**REO LAW, LLC**
By:  Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for James Everett Shelton*

---

## BRIEF  OPPOSING MOTION TO DISMISS

---

### INTRODUCTION

Defendant has filed a boilerplate motion to dismiss which can be summarized as follows.

1- Plaintiff and Plaintiff's Counsel are "professional TCPA plaintiffs." As though this is somehow relevant or is part of the standard of review for the granting of a 12(b)(6) motion.

2- Defendant is not a consumer reporting agency because he says he is not one. This despite the fact that Defendant prepares and distributes lists of plaintiffs who have sued under the Fair Debt Collection Practices Act, Fair Credit Reporting Act, and Telephone Consumer Protection Act. The people most likely to sue under the Fair Debt Collection Practices Act ("FDCPA") or Telephone Consumer Protection Act ("TCPA") are consumer debtors or alleged consumer debtors

that receive harassing telephone calls, which violates their consumer rights. By maintaining and distributing/selling a list of repeat consumer FDCPA and TCPA plaintiffs, Defendant is maintaining a de facto "deadbeats" list, which puts the Defendants into the category of a consumer reporting agency by providing lists containing such credit worthiness, credit risk, litigation risk, general reputation, personal characteristics, etc., on consumers.

3) Defendant doesn't do business in Ohio because he claims he doesn't do business in Ohio. This despite the fact that Defendant openly admits he does consumer reporting research on Plaintiff Shelton who at all times material to this case resided in Ohio and he compiled this information into what is offered on his Blindbid TCPA Litigator List.

Defendants are not entitled to a dismissal with prejudice, for any reason, because such is not an appropriate remedy if Plaintiff failed to state a claim or if this court lacks subject matter jurisdiction or if Ohio lacks personal jurisdiction over the Defendants. The only proper remedies then would be a dismissal without prejudice [for lack of personal jurisdiction], a remand to state court [for lack of subject matter jurisdiction], or a dismissal without prejudice or leave to amend [for failure to state a claim]

Plaintiff filed this case in the Cuyahoga County Court of Common Pleas, and Defendant initiated an untimely removal to Federal Court, after which they argued that Plaintiff lacks Article III standing to sue Defendants their a motion to dismiss. Defendants are not entitled to a dismissal of any sort because Plaintiff has stated a claim and at most the case should be remanded to Cuyahoga County Court of Common Pleas, in addition to this court considering an issuance of a sanction against Defendants and their Counsels.

The Court has many options presently before it, any of which would be procedurally and legally sound.

1- Deny Defendants' motion in toto [and possibly remand the instant action]

2- Convert Defendants' 12(b)(6) into a motion made per Rule 56 and then deny it.

3- Convert Defendants' 12(b)(6) into a motion made per Rule 56 and then permit all appropriate time for relevant briefing and inclusion of materials made relevant by the conversion.

4- Deny Defendants' motion as to 12(b)(2) and 12(b)(6) but decide that the court lacks subject matter jurisdiction and therefore remand the action to Cuyahoga County Court of Common Pleas [ideally while sanctioning Defendants and their Counsel].

5- Deny Defendants' motion as to 12(b)(1) and 12(b)(6) but grant the 12(b)(2) without prejudice as to the individual defendant with a provision that he be joined back in dependent on what is determined after discovery. However, the corporate defendant is indistinguishable from the individual defendant because the individual defendant is the only employee of, and owner of, the corporation and the corporation's actions are those of the individual defendant because the individual defendant is the one who personally did everything at issue in this case.

6- Deny Defendants' motion as to 12(b)(1) and 12(b)(2) but grant a 12(b)(6) without prejudice and then with leave to amend.

For obvious reasons Plaintiff would prefer, and believes it is most appropriate, that the Court elect the first option and deny Defendant's motion in toto and then remand this case to state court. The Defendants have repeatedly asked for dismissal with prejudice for lack of subject matter jurisdiction and lack of personal jurisdiction when there is no means by which they would be entitled to such a dismissal. Nor would they be entitled to a dismissal with prejudice, an adjudication on the merits, if Plaintiff had a pleading deficiency that resulted in a failure to state a cognizable claim, if the defect could be cured by amendment.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) permits the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Per Fed. R. Civ. P. 8(a)(2), a complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant a fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and Fed R. Civ. P. 8(a)(2)). While the notice pleading standard does not require "detailed" factual allegations, it does require more than bare conclusory assertions. *Twombly*, 550 U.S. at 555.

When a court considers a motion that invokes Fed. R. Civ. P. 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations contained therein as true, and draw all reasonable factual inferences in the plaintiff's favor. *Total Benefits Planning Agency, Inc., v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; see *Ashcroft v. Iqbal*, 556 U.S 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. See *Total Benefits Planning*, 552 F.3d at 434.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and

exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)).

"To survive a motion to dismiss, [the plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); see *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012).

Defendant has filed an affidavit that attempts to offer a testimonial basis contesting personal jurisdiction and adjudicating factual disputes that go straight to the merits of the csae. Defendant's affidavit makes the conclusory claim that Defendant is not, as a matter of law, a consumer reporting agency. This is a factual dispute that cannot be resolved via an affidavit attached to a motion made pursuant to F.R.C.P 12(b)(6) or any rule 12 motion. The resolution of whether Defendant meets the statutory definition of a Consumer Reporting Agency is only properly resolved on an F.R.C.P. 56 motion for summary judgment or at a trial on the matter. Plaintiff disputes Defendant's assertion that he does not transact business in the State of Ohio, and disputes Defendant's allegations that he has no minimum contacts with Ohio. Defendant's affidavit contains allegations outside of the pleadings and if this Court considers Defendant's affidavit, they must convert the pending 12(b)(6) motion into an F.R.C.P 56 motion for summary judgment and permit time for briefing and inclusion of all matters made relevant by such a motion.

Defendant's Affidavit, attached to the 12(b)(6) is an attempt to obtain a back-door Rule 56 adjudication on the merits via the much lower standard of a 12(b)(6) motion without having to meet the standards of a Rule 56 motion. The 12(b)(6) and accompanying affidavit are attempting

to resolve factual disputes, such as whether or not the Defendant is actually a consumer reporting agency. This is not a dispute that can be appropriately resolved via any of the 12(b) type motions. The Defendant cannot establish, let alone on an F.R.C.P. 12(b)(6) motion, that it is not a consumer reporting agency, merely by declaring, in an accompanying affidavit, "I am not a consumer reporting agency."

The factual allegations in Plaintiff's complaint must be taken as true and all reasonable inferences made in a light most favorable to Plaintiff [as the non-moving party], and only the legal sufficiency of Plaintiff's claims should be considered. If there is a set of facts consistent with Plaintiff's complaint that would permit recovery, the motion to dismiss for failure to state a claim cannot be granted.

### FACTUAL BASIS FOR PLAINTIFF'S CLAIMS

Plaintiff has alleged enough facts to state a claim to relief that is plausible on its face. If Defendants have indeed compiled the information of the sort Plaintiff has alleged, if they have indeed compiled and sold this information regarding Ohio consumers such as Plaintiff, a resident of Cuyahoga County, and if they are indeed a Consumer Reporting Agency, and they have refused to honor their obligation under the law to make a copy of the report they maintain on Plaintiff, available to Plaintiff, then the Fair Credit Reporting Act has been violated and Plaintiff is damaged as his rights under the statute will have been violated.

From the affidavit attached to the motion to dismiss, the Defendant makes it clears that he has compiled information on Plaintiff, specifically he trolls the dockets across the country and finds filings from United States District Court cases, on Plaintiff and others. His business model is to compile these filings into summaries and package all of this information into a "list" of

"chronic" or "repeat" litigators who file numerous lawsuits under consumer protection statutes. This is valuable and useful consumer reporting information and it lessens the likelihood that Plaintiff will find banks and credit unions willing to lend him money or allow him to open an account. Wells Fargo Bank might buy the "TCPA Litigator List" from Defendants and then decide that, "we don't want to extend a line of credit to James Shelton, if we call him with a robo-dialer and leave recorded messages on his cellular phone, he will sue us!"

Furthermore, the TCPA Litigator List could be sold to potential employers across the country, many of which the Plaintiff might want to work for, now or in the future. If a potential employer found out through the TCPA Litigator List that Mr. Shelton is a prolific lawsuit filer, they could very well decide not to hire Mr. Shelton. If companies know that Mr. Shelton knows his rights and will not hesitate to sue a company if they violate the law, it reasonably follows that some of those companies might decline to hire or work with Mr. Shelton.

The TCPA Litigator List compiled, maintained, and sold by Defendants to entities across the United States [this is Defendants' business model] contains information that clearly constitutes credit report information or consumer reporting information regarding a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.

The fact that Defendants opened their Motion to Dismiss with a declaration that Plaintiff and Plaintiff's Counsel are prolific "professional TCPA litigants" which was intended as a smear and a negative remark, shows that Defendants and their Counsels all believe that being viewed as a "professional/chronic/repeat TCPA Plaintiff" is a bad thing, a negative. It was clearly meant as derogatory. "Professional TCPA Plaintiff" would fall under the category of "general reputation"

as well as "personal characteristics" and the accusation that somebody uses TCPA litigation to make a living as a business would fall under "mode of living."

## LEGAL BASIS FOR PLAINTIFF'S CLAIMS

**There is a written, oral, or other communication of information.** 15 U.S.C. § 1681a(d)(1). The TCPA Litigator List is itself a written communication of information.

**The written, oral, or other communication of information was by a consumer reporting agency**. 15 U.S.C. § 1681a(d)(1). Whether or not Defendants constitute a consumer reporting agency cannot be resolved on a 12(b)(6) motion combined with an affidavit simply stating in a conclusory manner, "we are not consumer reporting agencies." A conclusory statement of law cannot be used to resolve a genuine dispute as to a material fact, and the resolution of disputed material facts cannot be achieved via any of the Rule 12 motions.

**That has a bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living**. 15 U.S.C. § 1681a(d)(1) and 15 U.S.C. § 1681a(c) which defines a consumer. A consumer is "an individual." Mr. Shelton is an individual. A report detailing his consumer plaintiff's litigation would have a bearing on his credit worthiness, credit standing, credit capacity, general reputation, personal characteristics, or mode of living. Specifically, identifying Mr. Shelton as a chronic TCPA litigator and providing information on his cases, goes directly to character, general reputation, personal characteristics and mode of living. The TCPA Litigator List provides columns of data including the "status" or "type of case" with details such as TCPA, FCRA, and FDCPA. Banks could easily

make credit determinations based on an individual's litigation history on the assumption that a repeat FDCPA litigator does not pay his bills in a timely manner, or that a repeat TCPA litigator sues businesses that call him even if the matter is about his current account.

**Which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance, (2) employment purposes, or (3) any other purpose authorized** by 1681b of the Act. 15 U.S.C. § 1681a(d)(1). It is quite likely that the information obtained and provided by Defendants on their TCPA Litigator List is used or expected to be used in connection at least in part with and as a factor of making a determination as to the eligibility of Mr. Shelton for credit or insurance or for employment purposes, if not both. If Mr. Shelton were to apply for a loan with Bank of America, then Bank of America would likely consider denying the loan application if they had access to the information contained on the TCPA Litigator List on the basis that they would see Mr. Shelton as a likely risk of consumer litigation against Bank of America even if Mr. Shelton had no intention of ever suing them. Additionally, many employers would not want to hire somebody they viewed as a litigation risk or a professional/chronic litigator.

### PERSONAL JURISDICTION CLEARLY EXISTS BASED ON DEFENDANT'S CONDUCT VIZ A VIZ OHIO

Defendants correctly regurgitated generic law concerning general- and limited-personal jurisdiction in the section of Defendant's Brief (Memorandum in Support of Defendants' Motion to Dismiss, pg. 11-13). Plaintiff does not dispute Defendants' claim that the Court lacks general personal jurisdiction over Defendants.

Notwithstanding the foregoing, Defendants are misguided by believing that the Court lacks limited-personal jurisdiction over Defendants.  (Memorandum in Support of Defendants' Motion to Dismiss, pg. 11-13).

In *U.S. Spring Communications Co. v. Mr. K's Foods, Inc.*, 68 Ohio. St. 3d, 624 N.E.2d 1048 (Ohio 1994), the Ohio Supreme Court held that to determine whether limited-personal jurisdiction exists over a foreign corporation, the court must determine "whether the state's long-arm statute and applicable civil rule confer personal jurisdiction and, if so, whether granting jurisdiction under the statute and the rule would deprive the defendant of due process of law under the Fourteenth Amendment to the United States Constitution."

In the instant case, Ohio's long-arm statute and applicable civil rule confer personal jurisdiction, and Defendant's due process rights would not be infringed upon if the Court exercises personal jurisdiction over Defendants insofar as Defendants have purposefully availed themselves to Ohio law by compiling consumer reporting information on Ohio consumers, offering to sell that information to Ohio businesses and businesses throughout the country, and then refusing to abide by Defendants obligations under the law to provide one free copy of that consumer report, per 12 month period, to the consumer, upon receipt of a written request for the service.

Defendants caused tortious injury to Plaintiff in the State of Ohio by an act outside of the State of Ohio that was committed by Defendants with the purpose of injuring Plaintiff when Defendants might reasonably have expected that Plaintiff would be injured in the State of Ohio. See, *Kauffman Racing Equip., L.L.C., v. Roberts*, 126 Ohio St.3d 81, (Ohio 2010). Tortious conduct directed into Ohio from outside of Ohio is sufficient for long-arm jurisdiction to be exercised and applied. Defendants in this action tortiously violated the FCRA by refusing to provide one free copy of their consumer/credit report on Plaintiff Shelton, upon written receipt of

13

a request for the report. Personal jurisdiction exists because Defendants deliberately injured an Ohio resident by violating his rights per the FCRA.

Personal jurisdiction exists over the Defendants and Plaintiff has plausibly stated a claim upon which relief can be granted, his complaint should not be dismissed, whether with prejudice or without prejudice. If subject matter jurisdiction does not exist then this Court should remand the instant action to Cuyahoga County Court of Common Pleas and sanction Defendants for a bad faith removal which was potentially done as a delay tactic and a means to cause Plaintiff to incur additional costs.

RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO
**REO LAW LLC**
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for Plaintiff James Everett Shelton*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JAMES EVERETT SHELTON** | Case No. 1:19-cv-01205-CAB |
| Plaintiff, | Honorable Christopher A. Boyko |
| v. | |
| **BLINDBID INC., dba TCPA LITIGATOR LIST. et al.,** | |
| Defendant. | |

**REO LAW, LLC**
By: Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for James Everett Shelton*

---

## PROPOSED ORDER GRANTING
## PLAINTIFF'S MOTION FOR LEAVE TO FILE BRIEF
## OPPOSING MOTION TO DISMISS INSTANTER

---

THIS MATTER came to be considered by the Court pursuant to Plaintiff's Motion for Leave to File Brief Opposing Motion to Dismiss Instanster filed by Plaintiff in the above-captioned cause. The Court having considered the Motion and being fully advised of the premises, it is, therefore,

ORDERED and ADJUDGED:

1.  That Plaintiff's Motion for Leave to File Brief Opposing Motion to Dismiss Instanter, is hereby granted.

2.  The Plaintiff's Brief Opposing Defendant's Motion to Dismiss is hereby accepted as timely filed.

15

DONE AND ORDERED in Chambers at Cleveland, Ohio this _____ day of _____, 2019.

_____

CHRISTOPHER BOYKO, JUDGE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO

Copies to:

Bryan Anthony Reo

Nicholas Weiss