UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES E. SHELTON,** | ) | **CASE NO. 1:19CV1205** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **BLINDBID INC., d/b/a TCPA** | ) | |
| **LITIGATOR LIST, et al.,** | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #6) of Defendants, Blindbid Inc., d/b/a TCPA Litigator List and Michael O'Hare, to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(1), (2) and (6). For the following reasons, Counts I and II of the Complaint for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* are dismissed without prejudice under Fed.R.Civ.P. 12(1) for lack of subject matter jurisdiction. Count III - statutory violations of the Ohio Consumer Sales Practices Act, R.C. § 1345.01, *et seq.* is remanded to Cuyahoga County Common Pleas Court. Plaintiff's Motion (ECF DKT #8) to Remand and for Sanctions is denied as follows.

# I. BACKGROUND

Plaintiff commenced this action in Cuyahoga County Common Pleas Court on April 22, 2019. Defendants removed the matter on May 28, 2019 on the basis of federal question subject matter jurisdiction.

According to the Complaint, Defendants conduct business as "TCPA Litigator List," with the purpose of helping telemarketers avoid calling individual consumers known to file consumer protection litigation particularly under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that "TCPA Litigator Lists" are consumer reports and Defendants are consumer reporting agencies as defined under the FCRA.

Plaintiff further alleges that on November 13, 2018, Defendants posted on Twitter: "James Shelton out of Pennsylvania is one of the most aggressive TCPA litigators. . . . Do not call him." Defendants directed their customers to put five specific numbers, supposedly related to Plaintiff, on their "Do Not Call List." (Complaint, ECF DKT #1-3 at ¶ 27). Plaintiff alleges that only one number is owned or used by him. (*Id*. at ¶ 28).

Plaintiff made a written request for a copy of his consumer report which Defendants refused. As a result, Plaintiff alleges that he has been statutorily damaged. (*Id*. at ¶ 40).

Plaintiff also demanded that Defendants identify each person or company that obtained Plaintiff's consumer report from Blindbid. Defendants refused to comply. Allegedly, Defendants' conduct was a direct and proximate cause of statutory, actual and punitive damages. (*Id*. at ¶ 49).

As a result of Defendants' violations of the FCRA, Plaintiff alleges that he has suffered actual damages, such as "injury to Plaintiff's reputation, invasion of privacy, and

frustration." (*Id*. at ¶ 57).

Defendant moves to dismiss Plaintiff's Complaint for lack of Article III standing because Plaintiff fails to allege that he has suffered concrete injury.

## II. LAW AND ANALYSIS

### Standing

Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In federal court, a plaintiff must show three things to demonstrate standing: 1) an injury in fact that is concrete and particularized, as well as actual or imminent; 2) a causal relationship between the injury and the complained-of conduct; and 3) a likelihood that the injury can be redressed by a decision in the plaintiff's favor. *See Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *N.E. Fla. Chapter of the Assoc. Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 663-64 (1993).

For an injury to be particularized, it must "affect the plaintiff in a personal and individual way." *Spokeo v. Robbins*, 136 S.Ct. 1540, 1548 (2016). "An injury in fact must be real, not abstract, actual, not theoretical, concrete, not amorphous." *Huff v. TeleCheck Services, Inc.*, 923 F.3d 458, 462 (6th Cir. 2019), citing *Spokeo*.

The plaintiff bears the burden of alleging sufficient facts to demonstrate standing. *Spokeo*, 136 S.Ct. at 1547 & n.6; *Warth v. Seldin*, 422 U.S. 490, 518 (1975). Alleging a bare procedural violation of a federal statute is not enough. *Spokeo*, 136 S.Ct. at 1550. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. at 1549. "If a claimant has not suffered a genuine harm or risk of harm, a federal court has no business

entertaining his lawsuit." *Huff*, 923 F.3d at 465.

Plaintiff alleges that he suffered statutory damage as a direct and proximate result of Defendants' failure to provide a copy of the consumer report and to disclose the recipients of the consumer report upon written demand in violation of the FCRA. Under *Spokeo*, a simple violation of the statute is insufficient to establish a cognizable case or controversy.

Plaintiff alleges that he endured actual damages, including frustration. (Complaint, ECF DKT #1-3 at ¶ 57). That is merely a conclusory statement that falls below the necessary threshold for Article III standing.

Plaintiff alleges that his reputation has been damaged by Defendants' conduct in willfully violating the FCRA. Defendants' Twitter post describes Plaintiff as "one of the most aggressive TCPA litigators" and directs Defendants' clients not to call him. Plaintiff further alleges that he is injured by an invasion of his privacy, presumably for publishing his name and telephone numbers. Even if this description depicts Plaintiff in a negative light, and even if one of the published numbers is his private number, those injuries are not causally related to the alleged violations of the FCRA. Plaintiff's Complaint claims Defendants violated the FCRA by refusing to provide a free copy of the consumer report and associated disclosures following a written demand. Not providing the documents requested by Plaintiff pursuant to the federal statute did not injure Plaintiff's reputation nor intrude upon his privacy.

Plaintiff has not alleged how the technical violation of withholding consumer information brought about any actual consequences or real risk of harm. Therefore, Plaintiff's claims in Counts I and II of his Complaint are dismissed for lack of standing

because Plaintiff has not alleged any facts that show a concrete and particularized injury resulting from Defendants' alleged misconduct.

Since the only remaining Count of Plaintiff's Complaint is for violation of the Ohio Consumer Sales Practices Act, no federal question remains over which this Court may exercise jurisdiction.

Plaintiff moves for remand (ECF DKT #8) and argues that Defendants should be sanctioned for bad faith removal. The Court finds that there was a reasonable basis for removal under federal question jurisdiction and declines to award costs and attorneys' fees to Plaintiff.

### III. CONCLUSION

For these reasons, Defendants' Motion (ECF DKT #6) to Dismiss is granted in part. Counts I and II of the Complaint for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* are dismissed without prejudice under Fed.R.Civ.P. 12(1) for lack of subject matter jurisdiction. Count III - statutory violations of the Ohio Consumer Sales Practices Act, R.C. § 1345.01, *et seq.* is remanded to Cuyahoga County Common Pleas Court for further proceedings. Plaintiff's Motion (ECF DKT #8) to Remand is denied as moot and his request for Sanctions is denied.

**IT IS SO ORDERED.**

**DATE: 9/17/2019**

s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**